Joe F. **HAMM**

v.

David **MATHEWS, Secretary of Health, Education and Welfare.**

**Civ. A. No. 75–0297.**

United States District Court, W. D. Virginia.

July 20, 1976.

S. Strother Smith, III, Abingdon, Va., for plaintiff.

E. Montgomery Tucker, U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issues to be decided by this court are whether the Secretary's decision is supported by "substantial evidence" and, if it is not, whether plaintiff has met his burden of proof as established by and pursuant to the Act.

The plaintiff, Joe F. Hamm, was born on June 26, 1907 and completed the sixth grade in school. Mr. Hamm went to work in the Nation's coal mines in 1923. He continued as a miner until 1960. Mr. Hamm worked in excess of 35 years as a coal loader and coal cutter in underground mining operations. Such work involved exposure to massive quantities of coal and rock dust. As a result of such exposure, Mr. Hamm now alleges that he had developed a breathing impairment of a severity sufficient to entitle him to "black lung" benefits under the Act. Mr. Hamm presented various medical reports and testimony in support of his claim.

In an opinion which became the final decision of the Secretary, an Administrative Law Judge denied Mr. Hamm's entitlement to benefits. The Law Judge found that plaintiff was not disabled due to pneumoconiosis, actual or presumed. Pursuant to statutory authority, the Secretary has prescribed several standards for determining whether a living miner is totally disabled due to pneumoconiosis. The applicable criteria for such a case include: 20 C.F.R. §§ 410.414, 410.416, 410.418, 410.422, 410.-424, 410.426, 410.428, and 410.490.

The court has carefully reviewed all evidence of record and concluded that there is "substantial evidence" to support

the Secretary's finding that plaintiff is not entitled to the presumption of totally disabling pneumoconiosis as provided under 20 C.F.R. § 410.490(b). The spirometric tests fail to meet the standards of 20 C.F.R. § 410.430. Moreover, the roentgenographic (x-ray) evidence is simply too inconclusive for an application of § 410.490(b) which employs a purely objective set of criteria, designed to expedite the processing of claims. See 20 C.F.R. § 410.490(a). However, the court is unable to determine that the Secretary's refusal to invoke the presumption of 20 C.F.R. § 410.414(b) is similarly supported by "substantial evidence." As it relates to a claim such as Mr. Hamm's, § 410.414(b) provides a presumption that a miner is totally disabled due to pneumoconiosis, the statutory requisite for entitlement, if he demonstrates the existence of a totally disabling respiratory or pulmonary impairment. The presumption is available notwithstanding the existence of negative x-rays and is available only to miners of fifteen or more years.

■ The court is of the opinion that the Secretary failed to adequately apply such a "fifteen year presumption." This court has recently had occasion to review the legislative history of 30 U.S.C. § 921(c)(4) from which 20 C.F.R. § 410.-414(b) was derived. *See Tonker v. Mathews,* 412 F.Supp. 823 (W.D.Va., 1976). The court noted in *Tonker* that the "fifteen year presumption" was apparently designed to resolve the difficulties caused by the seemingly endless series of chest x-ray readings and re-readings and the evidential confusion and conflict often resulting therefrom.[1] Properly applied, the "fifteen year presumption" is designed to enhance the totality of the evidence, relating to respiratory defect, in the instance where the purely objective evidence is too inconclusive to be related to the strict standards for pneumoconiosis.[2] However, in the instant case, it appears that the Secretary relied on the inconclusiveness of the x-ray reports as the basis for denial under § 410.414(b). Clearly, such an analysis is unwarranted. *Tonker v. Mathews, supra.*

■ The court finds ample evidence demonstrating the existence of chronic respiratory or pulmonary impairment which was so severe as to be disabling for coal mining employment. While the two ventilatory studies of record failed to meet the standards under 20 C.F.R. § 410.430, the reason for such failure is highly relevant. In one study, plaintiff's cooperation was listed as poor. (TR 83). However, in the study of October 19, 1972 (TR 79–82), plaintiff was described as unable to complete the test because of physical problems. The administering official commented on his observations as follows:

> Severe degree of both restrictive and obstructive function defect. Further studies discontinued because of development of severe weakness. (TR 79).

While inadequate for purposes of 20 C.F.R. § 410.490(b)(1)(ii), the ventilatory studies are clearly indicative of a significant degree of respiratory defect. Mr. Hamm's own testimony underlines the severity of the defect and indicates the disabling impact. At the administrative hearing on May 3, 1974, plaintiff testified that he suffers from a cough productive of phlegm. He related that he takes medicine for the removal of blood on the lungs. He has persistent pain in his chest and shoulders. Plaintiff's smothering prevents him from working on his garden or helping around his house. He is also unable to hunt or fish due to shortness of breath. Obviously, Mr. Hamm is disabled for strenuous work in the under-

1. S. R. No. 743, 92d Cong., 2d Session, 2, (1972) U.S.Code Cong. & Admin.News 1972, p. 2305.

2. In amending the "Black Lung Act of 1969", Congress in 1972 confronted the medical uncertainty so prevalent in "black lung" claims as follows:

> The Black Lung Benefits Act of 1972 is intended to be remedial law—to improve upon the 1969 provisions so that cases which should be compensated will be compensated. In the absence of definitive medical conclusions, there is a clear need to resolve doubts in favor of disabled miners or his survivors. S.R. No. 743, 92d Cong., 2d Session, 11, (1972), U.S.Code Cong. & Admin.News 1972, p. 2315.

ground coal mines. Furthermore, Mr. Hamm's impairment is predictable in light of his long years of exposure to coal dust in the underground mines. Such evidence of exposure must be considered with and related to the medical evidence of record. *Tonker v. Mathews, supra.* In summary, the record as a whole obviously demonstrates the existence of a disabling chronic respiratory impairment.

■ Even if a claimant does demonstrate evidence of lung impairment as described under 20 C.F.R. § 410.414(b)(1), the Secretary may rebut the "fifteen year presumption" of disabling pneumoconiosis by establishing that the miner does not in fact have the disease or that the disease did not arise out of coal mining employment. 20 C.F.R. § 410.414(b)(2). However, the court finds that just as the inconclusiveness of the x-ray evidence is sufficient for a denial under § 410.490(b) the same inconclusiveness precludes the Secretary's rebuttal of the "fifteen year presumption" of § 410.414(b) in that the Secretary cannot establish that the plaintiff does not have pneumoconiosis. Moreover, the court notes that the definition of pneumoconiosis under the Regulations is very broad, especially in the instance where the burden of proof under § 410.414(b) is otherwise met. 20 C.F.R. § 410.110(0)(2). Finally, since Mr. Hamm's impairment obviously arose out of his lifelong work in the mines, the presumption cannot be rebutted.

■ The Black Lung Act, as amended, was intended to be remedial in nature and liberally construed in application. To deny Mr. Hamm's claim for "black lung" benefits would be contrary to the evidence of record and the intent of Congress. The court is constrained to conclude that the Secretary's final decision is not supported by "substantial evidence." Defendant's motion for summary judgment is denied. Upon the finding that plaintiff has met his burden of proof prescribed by and pursuant to the Act, judgment will be entered for plaintiff. Thus, the final decision of the Secretary is reversed and the case remanded for the establishment of proper benefits.

The Clerk is directed to send certified copies of this opinion and judgment to the counsel of record.